IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-02830-PAB

CHUCK O. EGBUNE,

    Plaintiff,

v.

DOUGLAS COUNTY DISTRICT COURT JUDGE ANDREW BAUM,
DOUGLAS COUNTY PUBLIC TRUSTEE,
ALWAYS ENTERPRISES, INC d/b/a/ A-1 BAIL BONDS, and
BRECKENRIDGE PROPERTY FUND 2016, LLC,

    Defendants.

---

## ORDER

---

This matter comes before the Court on Defendant Breckenridge Property Fund 2016 LLC's Motion to Dismiss Pursuant to Rule 12(b)(1) [Docket No. 9]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND[1]

Plaintiff Chuck O. Egbune, proceeding pro se,[2] filed this case on October 27, 2023, naming the Douglas County Public Trustee ("Trustee"), Always Enterprises, Inc. d/b/a A-1 Bail Bonds ("A-1"), Breckenridge Property Fund 2016, LLC ("Breckenridge"),

---

[1] The facts below are taken from plaintiff's complaint, Docket No. 1, and the notices of appeal filed as exhibits to defendant's Rule 12(b)(1) motion. Docket Nos. 9-1, 9-2.

[2] The Court will construe Mr. Egbune's pro se pleadings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court will evaluate Mr. Egbune's allegations to the extent that they are sufficiently developed for the Court to understand them.

and Judge Andrew Baum of the District Court of Douglas County, Colorado, as defendants.  Docket No. 1.  The factual allegations in the complaint are somewhat unclear, but it appears from the face of the complaint that Mr. Egbune is attempting to challenge orders issued by Judge Baum in a case filed in the Douglas County District Court concerning the foreclosure of Mr. Egbune's "homestead/dwelling place," located at 4694 Briarglen Ln., Highlands Ranch, Colorado ("state foreclosure case").  *Id.* at 2, 8-16, ¶¶ 8, 27-29, 36-37, 41-42, 47, 52, 57-60, 66.  A-1, Breckenridge, and the Trustee are defendants in the state foreclosure case.  *See* Docket No. 9-1 at 1; Docket No. 9-2 at 1.  Mr. Egbune's complaint also references a bankruptcy proceeding that took place in 2011 and decisions by a different Douglas County District Court Judge, Judge Stevens, who was initially assigned to Mr. Egbune's state foreclosure case.  Docket No. 1 at 3-4, 6-10, ¶¶ 11, 13-14, 20, 24-26, 31, 34-40.  The state foreclosure case was reassigned to Judge Baum upon Judge Stevens' retirement.  *Id.* at 7-8, ¶ 26.

On October 5, 2023, Mr. Egbune filed two notices of appeal in the state foreclosure case.  Docket Nos. 9-1, 9-2; *see also* Docket No. 1 at 8, ¶ 29 ("Mr. Egbune has appealed the judgment of Judge Baum to the Colorado Court of Appeals.").  The appeals challenge orders by Judge Baum and Judge Stevens concerning the foreclosure and bankruptcy proceedings, including an order by Judge Baum "unwinding the foreclosure," an order by Judge Baum extending a "bankruptcy automatic stay," and Judge Baum's finding that Breckenridge was a bona fide purchaser of the foreclosed property.  Docket No. 9-1 at 2-3, ¶¶ 1-2; Docket No. 9-2 at 2-3, ¶¶ 1-2.  The notices of appeal state that Judge Stevens and Judge Baum "violated Mr. Egbune [sic] due

process and made structural errors that rendered the trial process unfair." Docket No. 9-1 at 3, ¶ 2; Docket No. 9-2 at 3, ¶ 2.

All of the claims in Mr. Egbune's federal complaint appear to challenge orders by Judge Baum in the state foreclosure case. Claim one seeks a declaratory judgment that "Judge Stevens and Judge Baum violated Mr. Egbune's Due Process Rights" during their handling of Mr. Egbune's state foreclosure case. Docket No. 1 at 8-11, ¶¶ 30-42. Mr. Egbune alleges that "Judge Baum acted in [sic] arbitrary and capricious manner in violation of Mr. Egbune's due process rights," claiming that (1) Judge Baum's "order 'unwinding foreclosure' is without statutory or legal authority;" (2) "the order reversing the denial of Breckenridge's motion for summary judgment is arbitrary and capricious;" (3) Judge Baum "backdated his [judgment] in violation of Rule 58(a);" (4) Judge Baum "impaired Mr. Egbune's homestead exemption by not giving him what is due him under Colorado law;" and (5) Judge Baum "failed to give Mr. Egbune credit for the cost of sale." *Id.* at 10-11, ¶ 41. Mr. Egbune also alleges that Judge Baum has "no jurisdiction to extend the bankruptcy automatic stay" and "cannot order a revival of a foreclosure proceeding that has expired under the law because that is also a violation of Mr. Egbune's due process." *Id.* at 11, ¶ 42.

Mr. Egbune's second claim seeks a declaratory judgment that "there is no mechanism for another foreclosure proceeding." *Id.* at 11. In support of this claim, Mr. Egbune appears to allege that a future foreclosure proceeding would be improper because it would rely on "the Order 'unwinding foreclosure' that Judge Baum improperly granted," which Mr. Egbune alleges is "void because [Judge Baum] has no jurisdiction" to enter such an order. *Id.* at 12, ¶ 47.

3

Mr. Egbune's third claim seeks a declaratory judgment that "A-1 cannot collect fees and interests not disclosed in bankruptcy court pursuant to Bankruptcy Rule 3002.1." *Id.* at 12.  In connection with this claim, Mr. Egbune alleges that "Judge Baum has refused to disallow A-1's undisclosed fees in the bankruptcy court." *Id.* at 13, ¶ 52.

Mr. Egbune's fourth claim seeks declaratory relief for "First Amendment-right to fair hearing- Judge Baum." *Id.* at 13-14.  In support of this claim, Mr. Egbune alleges that Judge Baum "has made it structurally a quagmire for Mr. Egbune to obtain a fair hearing." *Id.* at 14, ¶ 57.  He challenges Judge Baum's order unwinding the foreclosure, his order that reversed a previous denial of Breckenridge's motion for summary judgment, his order scheduling a jury trial, his order scheduling a bench trial, and his order denying a motion by Mr. Egbune to continue the bench trial. *Id.* at 15, ¶¶ 58-60.

Mr. Egbune's fifth claim seeks a declaratory judgment that "Breckenridge is not a bona fide purchaser." *Id.* at 15.  Mr. Egbune alleges that Breckinridge is not a bona fide purchaser, but that "Judge Baum does not think there is something wrong with Breckenridge's machinations." *Id.* at 16, ¶ 66.  However, Mr. Egbune does not appear to have served defendants.  He has filed no affidavit certifying that process had been served on defendants and no waivers of service have been filed.[3]

---

[3] On October 30, 2023, Mr. Egbune filed a "Certification Pursuant to D.C.COLO.LCivR. 7.1" stating that he "forward[ed] drafts of the Complaint, Motion for Preliminary Injunction and the Brief in support of same, along with a notice of intent to seek expedited briefing to the Attorney General, Douglas County Public Trustee, and A-1."  Docket No. 6 at 1.  However, a plaintiff must serve defendants using the methods allowed by Federal Rule of Civil Procedure 4.  Because Rule 4 does not permit service by email without prior authorization from the Court, *see* Fed. R. Civ. P. 4,  Mr. Egbune has not completed service of process on defendants by emailing them drafts of the complaint, motion for preliminary injunction and brief in support of same, and notice of intent to seek expedited briefing.  In addition, Mr. Egbune's certification does not indicate that he emailed any of these pleadings to Breckenridge or Judge Baum.

Mr. Egbune also filed a Verified Motion for Preliminary Injunction and a Request for a Forthwith Hearing of Same on October 27, 2023, wherein Mr. Egbune asks the Court to enter a preliminary injunction: (1) barring the Trustee and A-1 from conducting a foreclosure sale; (2) barring Judge Baum from "enforcing the Order 'unwinding foreclosure' and violating Mr. Egbune's due process rights;" and (3) prohibiting the Trustee from advertising or selling Mr. Egbune's property.  Docket No. 2 at 9.  However, the Court lacks jurisdiction to enter a preliminary injunction against a party that has not yet been served.  See Sangui Biotech Int'l, Inc. v. Kappes, 179 F. Supp. 2d 1240, 1241 (D. Colo. 2002).

On January 2, 2024, Breckenridge and the Trustee entered appearances by filing motions to dismiss.  Docket Nos. 8, 9; see D.C.COLO.LAttyR 5(a)(1).  The Trustee's motion argues that the complaint fails to state a claim because it is not clear what relief is sought against her and because the Trustee is protected by absolute and qualified immunity.  Docket No. 8 at 3-7.  Breckenridge's motion asks the Court to dismiss the case under Federal Rule of Civil Procedure 12(b)(1) on the basis of Younger abstention, see Younger v. Harris, 401 U.S. 37 (1971), or, in the alternative, on the basis of the Rooker Feldman doctrine.  Docket No. 9 at 9-16; see Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983).

On January 3, 2024, the Court issued an order requiring the Trustee and Breckenridge to respond to Mr. Egbune's motion for preliminary injunction on or before January 12, 2024 at 5:00 p.m. and stating that Mr. Egbune may file a reply on or before

---

Moreover, Rule 4 requires plaintiff to serve a summons on defendants, which Mr. Egbune has not done.  See Fed. R. Civ. P. 4(b).

5

January 17, 2024 at 5:00 p.m.  Docket No. 10.  On January 10, 2024, the Trustee responded to Mr. Egbune's motion for preliminary injunction.  Docket No. 11.  On January 12, 2024, Breckenridge responded to Mr. Egbune's motion for preliminary injunction, arguing that the motion should be denied on the basis of *Younger* abstention or, alternately, because Mr. Egbune has an adequate legal remedy available to him.  Docket No. 12 at 3-7.  On February 2, 2024, Mr. Egbune filed a reply in support of his motion for preliminary injunction.  Docket No. 17.  On February 8, 2024, Mr. Egbune filed a combined response to the motions to dismiss.  Docket No. 18.  On February 22, 2024, Breckenridge filed a reply in support of its motion to dismiss.  Docket No. 19.  Because the Court finds that *Younger* abstention precludes the Court from exercising jurisdiction over Mr. Egbune's claims, it will only address Breckenridge's motion to dismiss.

## II. LEGAL STANDARD

Dismissal pursuant to Rule 12(b)(1) is appropriate if the court lacks subject matter jurisdiction over claims for relief asserted in the complaint.  Rule 12(b)(1) challenges are generally presented in one of two forms: "[t]he moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004) (quoting *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003)).  Ultimately, plaintiff has "[t]he burden of establishing subject matter jurisdiction" because it is "the party

6

asserting jurisdiction." *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008).

## III. ANALYSIS

Breckenridge argues that *Younger* abstention applies in this case because (1) there is an ongoing appeal in the Colorado Court of Appeals deciding the same issues presented in Mr. Egbune's federal complaint; (2) the state foreclosure case involves important state interests, including the integrity of Colorado's judicial system and matters related to bankruptcy and foreclosure that arise under state law; and (3) the Colorado Court of Appeals is the appropriate forum for reviewing the trial court decisions challenged in the complaint and it provides an adequate forum for the claims raised in the complaint. Docket No. 9 at 10-14.

In *Younger*, the Supreme Court ruled that a federal district court's injunction of a pending state court criminal prosecution violated "the national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances." *Younger*, 401 U.S. at 41. *Younger* abstention requires "that federal courts not interfere with state court proceedings by granting equitable relief – such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings – when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999). Thus, after *Younger*, even when a federal court would otherwise have jurisdiction to grant declaratory or equitable relief, the court must abstain from exercising jurisdiction when a judgment on the claim would interfere with ongoing state criminal or civil proceedings. *D.L. v. Unified Sch. Dist.*, 392 F.3d 1223, 1227-28 (10th

7

Cir. 2004); *see also Samuels v. Mackell*, 401 U.S. 66, 73 (1971) ("where an injunction would be impermissible under these principles, declaratory relief should ordinarily be denied as well").

The Supreme Court has established a three-part analysis for abstention under *Younger*. When a case filed in federal court raises the possibility of federal-court interference with state processes, the federal court must abstain if (1) there is an ongoing state judicial, civil, or administrative proceeding, (2) which implicates important state interests, and (3) in which there is an adequate opportunity to raise constitutional challenges. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 431-32 (1982); *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n,* 319 F.3d 1211, 1215 (10th Cir. 2003). As noted above, *Younger* abstention is a bar not only to claims for injunctive relief, but also to claims requesting a declaratory judgment concerning the constitutionality of a state law. *Younger,* 401 U.S. at 45 ("The accused should first set up and rely u[p]on his defense in the state courts, even though this involves a challenge of the validity of some statute, unless it plainly appears that this course would not afford adequate protection"); *Rienhardt*, 164 F.3d at 1302. Moreover, *Younger* abstention is not discretionary and, if abstention applies, a court must dismiss the claim without prejudice. *D.L. Unified*, 392 F.3d at 1228.

The Tenth Circuit has held that the first prong of the *Younger* abstention analysis, whether there is an ongoing state judicial proceeding, is determined based on the time when the federal action was filed. *Dauwe v. Miller*, 364 F. App'x 435, 437 (10th Cir. 2010) (unpublished) (citing *Bear v. Patton*, 451 F.3d 639, 642 (10th Cir. 2006)). State proceedings end, and are therefore no longer ongoing, when a lower state court issues

8

a judgment and the losing party allows the time for appeal to expire. *Bear*, 451 F.3d at 642 (citing *Federación de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico,* 410 F.3d 17, 24-25 (1st Cir.2005)). Mr. Egbune filed two appeals in his state foreclosure case with the Colorado Court of Appeals on October 5, 2023, 22 days before Mr. Egbune filed this case on October 27, 2023. Docket Nos. 1, 9-1, 9-2. The Colorado Court of Appeals did not resolve Mr. Egbune's appeals in his state foreclosure case before Mr. Egbune filed his case in federal court.[4] Therefore, the first prong of the *Younger* abstention analysis is satisfied because there was an ongoing state proceeding at the time that Mr. Egbune filed this case.

The Court will next consider the second prong of the *Younger* abstention analysis, whether the state foreclosure case implicates important state interests. All five of the claims asserted in Mr. Egbune's federal complaint, including the ones alleging violations of the U.S. Constitution, are claims challenging decisions that Judge Baum made during the course of Mr. Egbune's foreclosure case in state court. Docket No. 1 at 8-16, ¶¶ 30-66, *see Dauwe*, 364 F. App'x at 436-37 (affirming *Younger* abstention where plaintiff alleged that state judges' adverse rulings violated his right to due process, equal protection, and access to the courts under the U.S. Constitution because plaintiff's "pleadings clearly reflect[ed] an attempt to have the federal courts review and invalidate rulings made in his state cases"). Here, Mr. Egbune seeks declaratory judgments that would contravene Judge Baum's judgments in the state foreclosure case. *See* Docket No. 1 at 8-16, ¶¶ 30-66. The Supreme Court has held it to be

---

[4] A review of the docket in Mr. Egbune's case before the Colorado Court of Appeals on March 29, 2024 indicates that the parties had not yet begun briefing the appeal.

"beyond question" that crafting and enforcing the laws governing the foreclosure process is "an essential state interest." *BFP v. Resolution Trust Corp.*, 511 U.S. 531, 544 (1994) (rejecting interpretation of bankruptcy code provision that would place the "title of every piece of realty purchased at foreclosure . . . under a federally created cloud"); *see also DCR Fund I, LLC v. TS Family Ltd. P'ship*, 261 F. App'x, 139, 145-46 (10th Cir. 2008) (unpublished) ("We also fail to see how any claims challenging a foreclosure sale that the state court allowed to proceed could pass muster under . . . the *Younger* abstention . . . doctrine[ ]."). Therefore, the Court finds that Mr. Egbune's state foreclosure case implicates an important state interest and satisfies the second prong of the *Younger* abstention analysis.

As to the third prong of the *Younger* abstention analysis, whether there is adequate opportunity to raise federal claims in state proceedings, the Tenth Circuit has noted that, "[a]s a general matter, 'Colorado law does not bar [federal constitutional] claims,'" finding abstention appropriate where "no particular reason appears why the objections advanced [in federal court] could not be given fully adequate consideration in the state courts." *Dauwe*, 364 F. App'x at 437 (quoting *Crown Point I, L.L.C. v. Intermountain Rural Elec. Ass'n,* 319 F.3d 1211, 1215 (10th Cir. 2003)); *see also Moore v. Sims*, 442 U.S. 415, 425-26 (1979) ("Certainly, [*Younger*] abstention is appropriate unless state law clearly bars the interposition of the Constitutional claims."). Here, the constitutional claims in Mr. Egbune's complaint ask the Court to review and invalidate Judge Baum's orders in the state foreclosure case for essentially the same reasons he cited for appealing them to the Colorado Court of Appeals: that Judge Baum violated

Mr. Egbune's right to due process[5] and made errors that rendered the trial process unfair.  *See* Docket No. 9-1 at 3, ¶ 2; Docket No. 9-2 at 3, ¶ 2.  Thus, not only is there adequate opportunity to raise federal claims in state proceedings as a general matter, but Mr. Egbune has actually done so in the state proceedings.  The Court finds that the third prong of the *Younger* abstention analysis is satisfied.

Nevertheless, Mr. Egbune argues that the Court should decline to abstain under the *Younger* doctrine because his case does not fall within the three exceptional circumstances that the Supreme Court recognized in *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 81-82 (2013).  Docket No. 18 at 2-3.  There, the Supreme Court cautioned against "extend[ing] *Younger* to virtually all parallel state and federal proceedings . . . where a party could identify a plausibly important state interest," and emphasized that *Younger* applies to only three "exceptional circumstances": (1) state criminal prosecutions; (2) "certain civil enforcement proceedings;" and (3) "pending civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions."  *Id.* at 78 (quotations and alterations omitted).  In support of his argument, Mr. Egbune cites two cases[6] from outside the Tenth Circuit in which courts declined to apply *Younger* abstention to foreclosure actions in light of

---

[5] Mr. Egbune does not specify whether he invokes the right to due process secured by the U.S. Constitution or the Colorado Constitution.  *See* Docket No. 9-1 at 3, ¶ 2; Docket No. 9-2 at 3, ¶ 2.
[6] Mr. Egbune also cites *Tucker v. Specialized Loan Servicing, LLC*, 83 F. Supp. 3d 635, 643-47 (D. Md. 2015), Docket No. 18 at 3, but in that case the court declined to apply *Younger* abstention only because it had already determined that it lacked jurisdiction over the declaratory action.  *Tucker*, 83 F. Supp. 3d at 646.  In fact, the court held that the plaintiffs' "claim for declaratory relief [was] tantamount to a request for an injunction of the state court [foreclosure] proceedings" and may therefore "interfere with the state court's attempt to effect [its] orders" under *Sprint*.  *Id.* at 646-47.

*Sprint*. *Id.* at 3 (citing *Hernandez v. Fed. Nat'l Mortg. Ass'n*, 2015 WL 3386126, at *2 (D.N.J. May 26, 2015); *Carrier v. Bank of Am., N.A.,* 2014 WL 356219, at *1 (D.N.J. Jan. 31, 2014), *aff'd,* 592 F. App'x 135 (3rd Cir. 2015). However, as Breckenridge points out, this approach is not uniform across jurisdictions. Docket No. 19 at 3 n.2.

When considering "a plaintiff's request that the federal district court enjoin a defendant's actions that are directly sanctioned by a state court foreclosure judgment," some courts have concluded that "such an injunction request might fall squarely within *Sprint's* third category of 'exceptional circumstances.'" *John J. Pembroke Living Tr. v. U.S. Bank Nat'l Ass'n, as Trustee for WaMu Series 2006-AR11 Tr.*, No. 16-cv-00020-CMA-MEH, 2016 WL 9710025, at *4 (D. Colo. Oct. 24, 2016), *aff'd,* 732 F. App'x 678 (10th Cir. 2018) (collecting cases). Accordingly, courts in this district have found that "a complaint seeking injunctive or declaratory relief directly related to a state foreclosure proceeding constitutes an exceptional circumstance under *Sprint*" because such an request "essentially asks [the court] to enjoin, or at the very least overturn, a state court foreclosure judgment." *Id.* (alteration, quotation, and citation omitted); *see also Saanen, LLC v. Silich Constr., Inc.*, No. 20-cv-03165-DDD-STV, 2021 WL 4201560, at *1-2 (D. Colo. Apr. 12, 2021); *Stanton v. Rocket Mortgage, LLC,* No. 22-cv-02162-DDD-MEH, 2022 WL 16650153, at *6 (D. Colo. Nov. 3, 2022). This reasoning applies to Mr. Egbune's case since each of Mr. Egbune's claims seeks a declaratory judgment that would overturn Judge Baum's judgments in the state foreclosure case. *See* Docket No. 1 at 8-16, ¶¶ 30-66. Accordingly, the Court finds that Mr. Egbune's state foreclosure case constitutes a "pending civil proceeding[ ] involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions" and

therefore triggers *Younger* abstention in light of the Supreme Court's holding in *Sprint*. *See Sprint*, 571 U.S. at 78 (quotation and citation omitted).

For the reasons discussed above, the Court finds that Breckenridge has shown that all three prongs of the *Younger* abstention analysis are satisfied, that the case constitutes an exceptional circumstance under *Sprint*, and that abstention is appropriate. Moreover, the Court finds that the same analysis applies to Mr. Egbune's claims against each defendant. Accordingly, the Court will decline to exercise jurisdiction over Mr. Egbune's claims and will dismiss them without prejudice.

## IV. CONCLUSION

Therefore, it is

**ORDERED** that on Defendant Breckenridge Property Fund 2016 LLC's Motion to Dismiss Pursuant to Rule 12(b)(1) [Docket No. 9] is **GRANTED**. It is further

**ORDERED** that Douglas County Public Trustee's Motion to Dismiss and Disclaimer of Interest [Docket No. 8] and the Verified Motion for Preliminary Injunction and a Request for a Forthwith Hearing of Same [Docket No. 2] are **DENIED** as moot. It is further

**ORDERED** that Mr. Egbune's claims against all defendants are **DISMISSED without prejudice**. It is further

**ORDERED** that Mr. Egbune may file an amended complaint on or before **April 30, 2024**.

DATED April 1, 2024.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge